[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum Concerning Sentence Imposed for Violations of Connecticut General Statutes 53-202k
In February, 2000, a jury found the defendant guilty of Manslaughter in the First Degree with a Firearm; Connecticut General Statutes 53a-55a[1]; and Assault in the First Degree; Connecticut General Statutes 53a-59
(a)(1)[2]. On April 25, 2000, the defendant was sentenced to the custody of the commissioner of correction for a term of forty years for the manslaughter charge and twenty years for the assault charge, those sentences to run consecutively.
Prior to trial, the State had filed a Notice of Sentence Enhancement
which advised that pursuant to Connecticut General Statutes 53-202k[3]
the defendant was subject to a "mandatory sentence enhancement". Pursuant to that notice, the court ordered an additional five year period of incarceration, that sentence to run consecutive to the sentence already imposed.
On June 26, 2000, the United States Supreme Court released its decision in Apprendi v. New Jersey, ___ U.S. ___ (68 U.S.L.W. 4576, June 26, 2000). In that case, the issue before the Court was whether a trial court could increase a sentence on the basis of a hate crime law which allowed an "extended term" of imprisonment for selected substantive offenses if a defendant's actions were taken with a purpose to intimidate an individual because of race, color, gender, handicap, religion, sexual orientation or ethnicity.
The Supreme Court determined that the Fifth Amendment due process clause and the Sixth Amendment notice and jury trial guarantees compelled the conclusion that the imposition of punishment based upon a defendant's discriminatory purpose was more than the mere assessment of a higher degree of punishment for a particular felony. Apprendi v. New Jersey, supra, 4582. "Both in terms of absolute years behind bars, and because of the more severe stigma attached, the differential here is unquestionably of constitutional significance." Apprendi v. New Jersey, supra, 4584. After considering the historic foundations to the constitutional right to trial by jury, the Court rejected the legislative statutory designation, CT Page 9362 succinctly stating that a legislative body cannot use the label `sentence enhancement' to lower the State's burden of proof. Consequently, for the additional sentence to be applicable, it had to be charged in an indictment, submitted to a jury and proved beyond a reasonable doubt.
In the present case, the effect of section 53-202k is identical to that of the New Jersey provision challenged in the Apprendi decision. As in the New Jersey case, the use of a firearm "goes precisely to what happened in the `commission of the offense.'" Apprendi v. New Jersey, supra, 4584 (citation omitted). Consequently, this court was without authority to impose the sentence enhancement allowed by section 53-202k.
Connecticut Practice Book Section 43-22 provides that the judicial authority can correct an illegal sentence. Pursuant to that authority, in light of the foregoing analysis, the sentence in the present case will be modified accordingly.
Dewey, J.